UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 07-283-JBC

TRACY MCQUEEN,                                      PLAINTIFF,

V.               MEMORANDUM OPINION AND ORDER

LIFE INSURANCE COMPANY OF NORTH AMERICA,         DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for discovery (DE 16). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and deny it in part.

I. Background

The plaintiff was insured under a group long-term disability policy issued by Life Insurance Company of North American ("LINA") to the plaintiff's employer. In 1997, he began experiencing a series of shoulder, neck, back and knee problems. By 2000, he was unable to work and applied for and began receiving short-term disability benefits under the LINA plan. After his employer was unable to offer him other employment which could accommodate his physical condition, the plaintiff qualified for long-term disability benefits. These benefits were cut off in 2003, but after an appeal LINA reinstated his benefits. In May 2005, LINA again terminated his benefits. The termination was appealed and this lawsuit followed.

II. Discovery Request

Generally, a district court bases its review of the denial of benefits solely upon the administrative record. *Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 619 (6th Cir. 1998). This limited review serves ERISA's[1] purpose of providing "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry v. Simplicity Eng'g,* 900 F.2d 963, 967 (6th Cir. 1990). Considering evidence not presented to the administrator would impair the achievement of that goal. *Id.* Nevertheless, a court may consider evidence outside the administrative record if that evidence "is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part," but discovery should be limited to such procedural challenges. *Wilkins,* 150 F.3d at 618-619. Although courts differ as to what showing is required to justify discovery under this limited exception, it is clear that "a mere allegation of bias is insufficient to 'throw open the doors of discovery' in an ERISA case." *Likas v. Life Ins. Co. of North America,* 222 F. App'x 481, 486 (6th Cir. 2007); *see also Moore v. LaFayette Life Ins. Co.,* 458 F.3d 416, 431 (6th Cir. 2006)("[U]ntil a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible.").

The plaintiff first seeks to discover information on a potential conflict of interest involving Regain Vocational Services ("Regain"). The plaintiff states his

---

[1]Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq.*

benefits were denied for the final time immediately following his submission to a functional capacity evaluation performed by Regain, a company chosen by the defendant.[2] The plaintiff believes discovery may reveal that the denial of the plaintiff's claim for benefits was based on the opinion of a biased expert at Regain, rendering LINA's decision arbitrary and capricious. In support of his allegation of bias, the plaintiff submitted a list of five cases generated from a Westlaw search showing a link between LINA and Regain. *See Powell v. Hartford Fin. Servs. Group, Inc.,* 2007 WL 773732 (W.D.Ky. 2007)(allowing discovery based on Westlaw search which revealed insurance company had used same service thirty-four times). If Regain was indeed biased, limiting the claim to "on the record" review would violate due process. *Kulkarni v. Metropolitan Life Ins. Co.,* 187 F.Supp.2d 724 (W.D.Ky. 2001) (allowing discovery for plaintiff to develop record concerning breach of fiduciary duty where defendant waited one month before sending enrollment forms). If LINA "relied on the third-party reviewers whose opinions or reports may have been unduly influenced by financial incentives, the Court would benefit from information revealing the compensation arrangements in place," so the court will allow limited discovery to explore the relationship between

---

[2] The plaintiff states that Regain did a "Transferable Skills Analysis" on August 31, 2005, in which it took into consideration a "Functional Capacity Evaluation" and information supplied by "Cigna Disability Management Solutions," and Regain supposedly relied upon a finding by Cigna that the plaintiff could perform sedentary activities. The plaintiff finds this odd when he had been totally disabled from working a light-duty job as a sales clerk for an electrical supply house. DE 16.

3

Regain and LINA. *Crider v. Life Ins. Co. of North America,* 2008 WL 239659, *6 (W.D.Ky. 2008). However, because the plaintiff references cases over the span of seven years in various states when the defendant is a nationwide company, the court will grant a limited scope of discovery on this issue, especially since the plaintiff does not point to anything in Regain's report that exhibits bias. Thus, the court will permit discovery with respect to the contractual connections between LINA and Regain,[3] the scope of documents reviewed by Regain in this case, the statistical data about the number of claims filed sent to Regain and the number of denials which result, the frequency with which Regain performs actual vocational rehabilitation examinations of the beneficiaries before issuing its reports, and financial payments paid annually to Regain from LINA. The court finds the plaintiff's other requests as to the relationship between LINA and Regain are unnecessary and burdensome, as the permitted discovery will provide enough evidence to determine if Regain was a biased expert.

In regard to the plaintiff's other discovery requests, the court finds the plaintiff seeks information far beyond inquiring into the alleged bias of an independent vendor. But the plaintiff has failed to meet the threshold showing that

---

[3]The contractual arrangements and the duties delegated to the third party reviewer are most likely before the administrator because "they, like the Plan itself, are part and parcel of the reasoning and evidence and form the procedures to be applied and considered in making the benefits determination." *Bell v. Ameritech Sickness and Accident Disability Benefit Plan,* 2007 WL 1647887 (E.D. Mich 2007). The "procedures would be part of the administrative record [and] [t]he Plan cannot avoid its obligation to follow such procedures by contracting out to a third party its fiduciary obligations to evaluate plaintiff's claims." *Id.*

would entitle him to such extensive discovery. *See Putney v. Medical Mutual of Ohio,* 111 F. App'x 803, 807 (6th Cir. 2004)(denying discovery where claimant presented no evidence of bias and he failed to provide "any facts to support a claim that discovery might lead to such evidence"); *Bennet v. Unum Life Ins. Co. of America*, 321 F.Supp.2d 925, 933 (E.D. Tenn. 2004)(court applying "middle of the road" approach which requires plaintiff to identify specific procedural challenges and to make initial showing of a reasonable basis for challenges and good cause for permitting discovery). For instance, the plaintiff seeks to discover information about the qualifications and relationship of the in-house osteopath to LINA/CIGNA which may produce evidence of bias, yet he points to no evidence challenging the opinions of the osteopath. As previously mentioned, a mere allegation of bias is insufficient to allow discovery. *Likas,* 222 F. App'x 481; *see also Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975 (7th Cir. 1999)(stating there should not be any inquiry into the training of those who considered the claimant's claim as deferential review of an administrative decision means review on the administrative record). The plaintiff also wants to discover the identity of the various personnel who may owe him fiduciary duties. The court finds this request threatens to swallow the rule of limited discovery, as any plaintiff in an ERISA action could ask which individuals owe fiduciary duties. The plaintiff is not entitled to discovery on these issues.

As to discovery of the Plan documents, LINA does not dispute that the

5

plaintiff is entitled to those documents, but LINA claims such documents are not in its possession.  LINA argues that as the claims administrator it is not responsible for providing the Summary Plan Description or other plan documents to the plaintiff unless it relied upon such documents in making it claims decision.  *See* 29 U.S.C. § 1021; 29 C.F.R. §2560.503(j)(3).  LINA contends it did not consider the Summary Plan Description.  Additionally, because LINA states it did not rely upon the internal claims guidelines in making the determination to deny the plaintiff's benefits, these guidelines are not discoverable.  29 C.F.R. §2560.503(m)(8); *see also Gindele v. American United Life Ins. Co.,* 2006, WL 3193429 (E.D.Ky. 2006)(unsupported allegation that discovery would turn up inconsistent application of policy insufficient to warrant discovery).

Finally, discovery is not warranted on the issue of whether a conflict of interest exists because LINA both determines eligibility for benefits under this ERISA plan and also pays those benefits from its own funds.  Mere suspicion of a conflict of interest is insufficient.  The plaintiff must demonstrate that allowing such discovery would lead to a finding that the denial of benefits was arbitrary by pointing to some evidence that the decision process raises questions of fairness. *See Putney,* 111 F. App'x at 807 (6th Cir. 2004)(denying discovery where claimant presented no evidence of procedural violations*); Bell v. Ameritech Sickness and Accident Disability Ben. Plan,* 2007 WL 1647887 (E.D. Mich 2007) (denying discovery of conflict of interest because it was an unsupported fishing expedition);

*Powell v. Hartford Fin. Servs. Group, Inc.,* 2007 WL 773732 (W.D.Ky. 2007)(plaintiff must make threshold showing that termination of disability benefits was result of conflict of interest).

Accordingly, **IT IS ORDERED** that the plaintiff's motion for discovery (DE 16) is **GRANTED IN PART,** limited to the information pertaining to Regain as described by the court above, and **DENIED IN PART** as to the remainder of the discovery requests.

Signed on March 4, 2008

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY