**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 07-283-JBC**

**TRACY MCQUEEN,**                                                      **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**LIFE INSURANCE COMPANY**
**OF NORTH AMERICA,**                                          **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court upon the plaintiff's motion for reconsideration to permit additional discovery.  R. 35.  The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and deny it in part.

**I.      Background**

The plaintiff was insured under a group long-term disability policy issued by Life Insurance Company of North America ("LINA") to the plaintiff's employer.  In 1997, he began experiencing a series of shoulder, neck, back and knee problems.  By 2000, he could not to work and applied for and began receiving short-term disability benefits under the LINA plan.  After his employer was unable to offer him other employment which could accommodate his physical condition, the plaintiff qualified for long-term disability benefits.  These benefits were cut off in 2003, but after an appeal LINA reinstated his benefits.  In May 2005, LINA again terminated

his benefits.  The termination was appealed and this lawsuit followed.

The plaintiff previously filed a motion for discovery (R. 16), which this court granted in part and denied in part (R. 20).

## II.    Legal Standard

In order to succeed on a motion for reconsideration, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that absent relief, a manifest injustice will result. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998). Such motions are not an opportunity for the losing party to offer additional arguments in support of its position. *Engler*, 146 F.3d at 374.

## III.    Analysis

The plaintiff requests that the court reconsider its previous discovery order in light of a recent Supreme Court decision, *Metropolitan Life Ins. Co. v. Glenn*, — U.S. —, 128 S. Ct. 2343 (2008). The plaintiff argues that he is now entitled to additional discovery.

As discussed in the court's previous order, generally, a district court bases its review of the denial of benefits solely upon the administrative record.  *Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 619 (6th Cir. 1998).  A court may

2

consider evidence outside the administrative record if that evidence "is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part," but discovery should be limited to such procedural challenges. *Wilkins,* 150 F.3d at 619. Although courts differ as to what showing is required to justify discovery under this limited exception, it is clear that "a mere allegation of bias is insufficient to 'throw open the doors of discovery' in an ERISA case." *Likas v. Life Ins. Co. of North America,* 222 F. App'x 481, 486 (6th Cir. 2007); *see also Moore v. LaFayette Life Ins. Co.,* 458 F.3d 416, 431 (6th Cir. 2006) ("[U]ntil a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible.").

In *Glenn*, the Supreme Court held that a reviewing court must consider any conflict of interest arising from the dual role of an entity as an ERISA plan administrator and payer of plan benefits as a factor in determining whether the plan administrator abused its discretion in denying benefits. 128 S.Ct. at 2346. Such a conflict of interest exists when the entity that administers an ERISA plan, such as an employer or insurance company, determines whether an employee is eligible for benefits under the plan and pays those benefits out of its own funds. *Id.* Certain circumstances may "suggest a higher likelihood that [the conflict of interest] affected the benefits decision." *Id.* at 2351.

In its previous order, this court found that "discovery is not warranted on the

3

issue of whether a conflict of interest exists because LINA both determines eligibility for benefits under this ERISA plan and also pays those benefits from its own funds." *See* R. 20, p.6.  The court reasoned that the plaintiff had presented the court only its suspicion of a conflict of interest and had not, as required, demonstrated that such discovery would lead to a finding that the denial of benefits was arbitrary.  However, under *Glenn*, the dual role creates a conflict of interest, and the presence of that conflict of interest, on its own, is sufficient to permit a court to allow discovery beyond the administrative record.  The plaintiff's pointing out that conflict of interest therefore would meet the Sixth Circuit's requirement that the plaintiff show more than a "mere allegation of bias" before the court allowed discovery.[1]  Because, now as a matter of law, a conflict of interest exists, the plaintiff has presented more than such an allegation.

The defendant argues that *Glenn* does not alter the law in the Sixth Circuit regarding discovery in ERISA cases.  That is only partially correct.  *Glenn* does not alter the law in the Sixth Circuit governing the court's general approach to review of ERISA claims.  *See Roumeliote v. Long Term Disability Plan for Employees of Worthington Industries*, 2008 WL 4181187, at *2 (6th Cir. 2008) (noting that the *Glenn* court approved the Sixth Circuit's "totality of the circumstances" approach

---

[1]And therefore the defendant's argument that nothing in the administrative record suggests any procedural irregularity or bias is irrelevant to the present analysis under *Glenn*.  It is not evidence in the administrative record that "opens the door," but rather the mere existence of an inherent conflict of interest, simply the fact that LINA both determines eligibility and makes payments out of its own funds, that allows the plaintiff some limited discovery.

4

to determining whether the administrator abused its discretion).  Although the Supreme Court did not expressly alter the rules for discovery in an ERISA conflict-of-interest case, it effectively did so by recognizing the inherent conflict and requiring courts to consider it as a factor when deciding whether the plan administrator abused its discretion.  Without discovery, plaintiffs would be severely hindered in their ability to obtain evidence to show the significance of the conflict of interest.  Therefore, it is logical to assume that the Supreme Court meant for lower courts to allow some discovery beyond the administrative record when a conflict of interest is present.  The plaintiff therefore may engage in limited discovery so that he may obtain information that will enable the court to evaluate whether LINA's conflict of interest resulted in an abuse of discretion.  *See generally Cline v. Retirement Plan for the Glass Rock Plant and Millwood Plant of Oglebay Norton Industrial Sands, Inc.*, 2008 WL 4449906 (S.D. Ohio Sept. 30, 2008) (finding that *Glenn* "gives courts broad latitude in evaluating the weight of the effect of that conflict of interest").

However, while the plaintiff has a right to obtain discovery regarding the defendant's conflict of interest, the scope of that discovery must be limited to the conflict of interest and any allegations of bias. In its motion, the plaintiff has presented a series of questions, some rhetorical and some pointed at the discovery of certain information.  The court declines to rule on the appropriateness of each individual question or request, but it will provide some guidance on what type of

5

information is discoverable.

    *Glenn* noted that the conflict of interest will be more significant under certain circumstances that suggest it affected the benefits decision, such as when the administrator has a history of making biased decisions. 128 S.Ct. at 2351.  Also, *Glenn* recognized that other acts by conflicted plan administrators may prove the conflict of interest to be less important in determining whether the plan administrator abused its discretion.  *Id.* Thus, discovery that might lead to information regarding the extent of LINA's conflict of interest is proper.

    Such information may include statistical information about the outcome of claims submitted to reviewers and any "active steps" taken by LINA to "reduce potential bias and to promote accuracy," such as "walling off claim administrators from those interested in firm finances."  *Id.*  It may also include discovery of any internal policies that encourage denials by rewarding employees for denying claims or otherwise pressure employees or third-party reviewers to deny claims. Therefore, the court will permit discovery of company policies such as any policy of rewarding employees who deny claims or any documentation of administrative processes designed only to check the accuracy of grants of claims.[2]  *See Crider v. Life Ins.*

----

    [2]In a separate section of his motion, the plaintiff also requests discovery of LINA claims-handling guidelines, procedures, and reference copy of the Ferguson Electrical Company Plan.  To the extent that any of the materials requested are documentation of the types of policies discussed in this paragraph and provide detail of LINA's conflict of interest, discovery is permitted.  However, to the extent the plaintiff seeks discovery of broad categories of information, such as plaintiff's request for "any other written claims handling procedures, guidelines, or materials," the request is denied.  In support of full disclosure of these materials, the plaintiff

*Co. of North America,* 2008 WL 239659, *6 (W.D.Ky. 2008) (finding that where

plan administrator "relied on the third-party reviewers whose opinions or reports

may have been unduly influenced by financial incentives, the Court would benefit

from information revealing the compensation arrangements in place").   However,

the court will not require the defendant to respond to requests involving

performance reviews and personnel files for reviewers who are its employees.  The

court finds that those requests are unduly burdensome and their intrusiveness

outweighs any likely benefit.  *See Myers v. Prudential Insurance Company of*

*America*, 581 F.Supp.2d 904, 914 (E.D. Tenn. 2008).

      The plaintiff also has renewed its requests for discovery of a variety of

information that is irrelevant to a determination of whether LINA's denial was

arbitrary or capricious due to its inherent conflict of interest.  For example, the

plaintiff seeks discovery of definitions used by the reviewing osteopath and

---

cites *Levy v. Ina Life Ins. Co. of New York*, 2006 WL 3316849, *2 (S.D.N.Y. Nov.
14, 2006), a case in which a court denied a protective order for portions of the
defendant's internal claims guidelines.  The court is not persuaded to alter its
original ruling regarding the requested extensive discovery of all claims-handling
procedures.  *See* 29 C.F.R. § 2560.503 (m)(8); *see also Byrd v. Metropolitan Life
Ins. Co.*, 2008 WL 974787 (E.D. Tenn. April 9, 2008) (finding that the plaintiff
was entitled only to guidelines actually consulted and not the entirety of the
defendant company's claims management guidelines).  As the plaintiff argues, it is
possible that the defendant's failure to consider the guidelines is a factor that may
weigh in favor of a finding that the defendant's decision was arbitrary.  However, it
is not necessary that the plaintiff have a copy of the guidelines that were not used
in order to make this argument.  For the first time in his reply, the plaintiff asserts
that he must have a copy of the entire Plan in order to argue for the appropriate
standard of review of his claim.  It is not clear to the court that additional discovery
is necessary, and the court declines to alter its original ruling as to this issue.

7

employees of Regain Vocational Services ("Regain").  The plaintiff fails to explain how these definitions relate to LINA's conflict of interest, and these requests are denied.[3]

The plaintiff also requests extensive background information on the in-house osteopath who reviewed the plaintiff's claim, including the osteopath's qualifications and information as to his financial relationship with LINA.  The court previously denied this request because the plaintiff "point[ed] to no evidence challenging the opinions of the osteopath" and mere allegation of bias is insufficient to allow discovery.  *See Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975 (7th Cir. 1999) (stating there should not be any inquiry into the training of those who considered the claimant's claim as deferential review of an administrative decision means review on the administrative record). The plaintiff has presented no additional evidence, and nothing in *Glenn* persuades the court that this information is now discoverable.[4]  *See Crider*, at *5-6 ("Discovery of individual compensation records is not appropriate.").

**IV.    Conclusion**

---

[3]In its previous order, the court allowed the plaintiff limited discovery to ascertain the relationship between Regain and LINA sufficient to determine whether Regain was a biased expert.

[4]As far as the court understands from the plaintiff's motion and the defendant's response, the osteopath is an employee of LINA, not an independent contractor such as Regain.

8

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration of discovery order (R. 35) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the parties shall file a written proposal for discovery and filing deadlines no later than twenty (20) days after the date of entry of this order.

Signed on  January 26, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

9